CLARY et al. v. HURST.

(Court of Civil Appeals of Texas. Austin. Nov. 8, 1911.)

INTOXICATING LIQUORS (§ 35*)—LOCAL OPTION ELECTION—CANVASSING RETURNS—EXAMINATION OF BALLOTS.

Rev. St. 1895, art. 3390, requiring the commissioners' court to hold a special session to open the polls and counting the votes deposited at a local option election, only authorizes the canvassing of the returns made by the election officers, and does not authorize them to open the ballot boxes, and recount the ballots.

[Ed. Note.—For other cases, see Intoxicating Liquors, Dec. Dig. § 35.*]

On motion for rehearing.

Motion granted, and judgment reversed and cause remanded. For former opinion, see 136 S. W. 840.

See, also, 138 S. W. 566.

E. B. Coopwood, John N. Gambrell, and Barber & McKie, for appellants. Newton & Ward and Roberts, Jeffrey & Fielder, for appellee.

RICE, J. According to the returns duly made by the officers holding the local option election held in Caldwell county on March 11, 1911, prohibition was defeated by a majority of 17 votes. Notwithstanding this, however, on the 22d day of said month the commissioners' court of said county entered an order reciting that on the ensuing day they would open the various ballot boxes and examine the ballots of the voters for the purpose of ascertaining whether the returns of said election as reported by said presiding officers

---

were correct. Before this could be done, however, appellee applied to the judge of the district court, who granted an order restraining said officers from so doing, and this appeal was prosecuted to determine the validity of said restraining order.

This court at the last term held that the injunction was improperly granted, first, on the ground that said commissioners' court was authorized, under article 3390 of the Revised Civil Statutes, to pursue the course contemplated by them as indicated in their order, to wit, to actually open the ballot boxes and count the votes, for the purpose of ascertaining whether the returns of such election were correct; second, that the petition was subject to exceptions urged against it, and was insufficient upon which to predicate said restraining order. See 136 S. W. 840. A motion for rehearing, having been filed, was by us first overruled, but thereafter the court at said term set aside said order, and of its own motion certified to the Supreme Court the first question involved; that is to say, did the county commissioners' court of Caldwell county have the right under article 3390 of the Revised Civil Statutes of Texas, notwithstanding the fact that the officers holding such local option election had made their returns as prescribed by article 3389, to actually open the polls and count the votes for the purpose of ascertaining the result of said election, and determine whether or not a majority of the votes cast at said election was in favor of or against prohibition in said county, and declare the result of said election, as required by said first-named article, this question the Supreme Court answered in the negative, as will more fully appear from their opinion reported in 138 S. W. 566.

It is evident, therefore, that we were in error in holding to the contrary, for which reason we now hold that the commissioners' court did not have the right to open the ballot boxes and count the votes, as we had heretofore held. But in all other respects we adhere to our original opinion heretofore rendered.

It is therefore ordered that the motion for rehearing be and the same is hereby granted, that the injunction heretofore issued be dissolved, and the case reversed and remanded for further proceedings in accordance with this opinion.

Motion granted. Judgment reversed and cause remanded.